[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff brings this action in two counts by amended complaint of September 21, 1998 for breach of an oral contract and unjust enrichment. Defendant has filed its revised answer and one special defense based on the "Statute of Frauds."
 Facts
The plaintiff was hired in September 1994 by Kenneth Rockfeller, an agent of defendant, under an oral contract to act as an independent manufacturer's sales representative for the CT Page 2262 defendant selling the defendant's products to new and existing customers. The parties agreed that the plaintiff would be paid a five (5%) commission on all sales for orders placed with the plaintiff and/or to all clients that the plaintiff was servicing. The agreement was that the plaintiff would be paid his commissions for each invoice after the defendant got paid by the client. In addition the parties agreed that in the event that either of the parties terminated the contract, that the plaintiff was to be paid for all orders which had been placed prior to the plaintiff's termination for which defendant received payment.
Plaintiff requested that the agreement be reduced to a written contract and the defendant orally agreed. The defendant told the plaintiff not to worry, that he would be all set, and that his attorney was busy but would eventually get to him a written contract. The plaintiff continued to secure new clients and sell for the defendant in reliance upon the defendant's promises.
The plaintiff secured new customers for the defendant, including Magnetec which became defendant's third largest customer. After the parties proved to Magnetec in that they could produce the work that Magnetec was looking for, the defendant requested the plaintiff's permission to negotiate directly with Magnetec for a large contract. The plaintiff consented.
In April, 1996 defendant told plaintiff that his commissions were cut to 3% on the Nova Electronics and Magnetec buyers. Plaintiff continued to work for defendant. at that commission rate. The defendant terminated the plaintiff on September 10, 1996 by a letter sent by facsimile.
On September 26, 1996 the defendant secured the large contract which it had been negotiating for with Magnetec for $900,000.00 worth of sales
The last check that the defendant paid to the plaintiff for commissions was in August, 1996. The defendant knew that the plaintiff was owed some commissions
The plaintiff is owed 5% commissions on all orders which were placed and delivered prior to his termination except for the Nova Electronics and Magnetec accounts on which the commission is 3%. Pursuant to the defendant's invoices and summary of commission sheets, the plaintiff is owed the following commissions for orders placed and delivered prior to his termination. CT Page 2263
As to Nova Electronics sales plaintiff is entitled to a 3% commission for each of invoices #65424 and 65623 for a total of $128.51.
As to Henschel sales plaintiff is entitled to a 5% commission on invoices #65325, 65326 and 65368 for a total of $34.97.
As to Magnetec sales plaintiff is entitled to a commission on the following invoices:
 65323 8-1-96 1,630.00 65354 8-6-96 5,205.20 65376 8-8-96 1,730.00 65388 8-9-96 1,630.00 65388R 8-9-96 1,630.00 65404 8-13-96 5,016.60 65442 8-19-96 865.00 65452 8-20-96 519.00 65488 8-23-96 1,211.99 65303R 8-23-96 1,730.00 6505 8-29-96 865.00 65522 8-30-96 6,506.50 65537 9-4-96 865.00 65560 9-6-96 3,903.90 655565 9-9-96 865.00
for a total of $1,025.16.
As to Inertia Dynamics sales plaintiff is entitled to a 5% commission on invoice No. 65563 in the amount of $186.64.
As to Sensor Engineering sales plaintiff is entitled to a 5% commission on invoice No. 65344 in the amount of $8.78.
The total commission due on sales to those buyers is $1384.06. When this is added to the amounts of $1,276.00 and $1,176.00 which defendant acknowledged are due the total amount now due plaintiff is $3,836.35.
We know the sums due defendant for the invoices for the relevant buyers created before September 10, 1996. For some we know the date of payment from buyer to defendant but for many we do not but the court infers such payments were made. CT Page 2264
The court cannot separate the sum defendant admits is due from the sum claimed on invoices produced at trial and therefore totals them.
 Law
I. Statute of Frauds
C.G.S. § 52-550 provides that to enforce an agreement not in writing the agreement is subject to the statute unless it may be performed "within one year of the making thereof."
Personal service contracts are not subject to the statute because an employee may die within a year and thus "puts an end to the agreement." Burkle v. Superflow Mfg. Co., 137 Conn. 488,493; Strang v. Witkowski, 138 Conn. 94, 98-100.
Judgment for plaintiff for $3,836.35.
N. O'Neill, J.